# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNA CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:24-cv-01217 |
| | ) | |
| KROGER LIMITED PARTNERSHIP I | ) | JUDGE CAMPBELL |
| and THE KROGER COMPANY, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion for summary judgment (Doc. No. 21), which is fully briefed. (Doc. Nos. 25, 27). For the reasons stated herein, the motion is **DENIED**.

## I.      FACTUAL BACKGROUND

In September 2023, Plaintiff was shopping at her local Kroger grocery store when she went to the ice cream freezers for ice cream. However, when Plaintiff opened the ice cream freezer door, multiple containers of ice cream fell out and landed on her right foot. (Plaintiff Deposition at 45, Doc. No. 24-1). Plaintiff does not know why the ice cream containers fell (*see id*. at 50-51) and brings this premises liability action against Defendants under the doctrine of *res ipsa loquitor*. (*See* Complaint ¶ 39; Initial Case Management Order, Doc. No. 11 at 2).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The

moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id*.

### III. ANALYSIS

"Landowners have an obligation to maintain their premises in a safe condition." *Trentham v. Mid-America Apartments, LP*, 705 S.W.3d 151, 160 (Tenn. 2025) ("This duty arises from the position of control which the landowner possesses, as the landowner is normally best able to prevent any harm to others.") (citation modified). "To establish a prima facie case for premises liability based upon negligence, the plaintiff must prove (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant that was below the standard of care, amounting to a breach of a duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." *Id*.

However, when the doctrine of res ipsa loquitur applies, it allows the fact finder to infer negligence from the circumstances of the injury. *See Jenkins v. Big City Remodeling*, 515 S.W.3d 843, 848 (Tenn. 2017). "To rely on res ipsa loquitur, a plaintiff must show that (a) the event that caused the injury is of a kind that ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently

eliminated by the evidence; and (c) the negligence is within the scope of the defendant's duty to the plaintiff." *Id*. at 849.

Defendants' briefing in support of their motion is largely comprised of statements of law and summaries of cases. (*See* Doc. No. 22 at 8-21). The portions of their argument that are not statements of law and case summaries, are as follows:

> Respectfully, based upon the undisputed proof, it is clear that the plaintiff simply has no knowledge, proof, evidence or information as to why or how this alleged incident occurred, thus she has no proof or evidence of the legal or proximate cause of the alleged incident. The plaintiff has no proof of any unreasonably dangerous condition or hazard at the subject Kroger store. The plaintiff has no evidence or proof that the Kroger was negligent. The plaintiff has no evidence or proof upon any of the essential elements of her claim. Her claim is totally devoid of any substantiating information whatsoever. This is a textbook case of asking the Court and fact finders to completely guess and speculate as to the cause of the alleged incident, which is not even remotely allowed under applicable law or procedure. In fact, the plaintiff appears to be asking the Court to invent a theory of recovery for her. In line with this, the plaintiff has no information whatsoever that Kroger had any notice of a dangerous or hazardous condition, thus no legal duty arose on the part of Kroger, and it is axiomatic that there was no breach of any legal duty. Likewise, the alleged incident was not foreseeable. Again, the plaintiff does not even know why this happened. The ice cream display looked fine to her, and she knows of no problem with it.
>  ….
> As is clear in the case at bar, the proof, and deposition testimony make it abundantly clear that the Plaintiff cannot sustain even the minimal levels of her burden of proof with regard to imposing liability on Defendant in this matter. Mrs. Clemmons' position in this case simply contradicts every shred of law discussed above and below herein.
>
> As for the substantive case law illustrating that the plaintiff's position in this case cannot overcome this motion for summary judgment due to his complete lack of proof, evidence or knowledge as to why the alleged incident occurred. This case is immersed in pure speculation and conjecture, and a total lack of any substantiating information at all. There are numerous cases directly on point which respectfully guide the case at bar to being dismissed upon this motion for summary judgment.
> ….
> In the case at bar, the Plaintiff is indeed asking the Court and the fact finder herein to speculate as to why this alleged incident occurred. In fact, the Plaintiff in the case at bar is asking the Court and fact finder to create a legal

3

theory for her, in order to establish a cause of action herein. This is obviously not permissible, and the Plaintiff's case should be dismissed upon this ground alone.

….

Here, it impossible to even get to the "notice" question in that the plaintiff cannot even point to a hazard or condition that caused the fall. It is impossible to discuss whether the defendant had notice of the condition that allegedly caused the alleged incident, when the plaintiff cannot offer any evidence of what that condition even was.

….

As covered above, no hazardous condition or cause of incident has even been identified. Nonetheless, in the event that the Court herein decides that notice of a supposed condition is to be analyzed as well, there are abundant cases in this regard.

…

Likewise, the incident was not foreseeable.

(Doc. No. 22 at 8-19). Thus, Defendants seek summary judgment based on Plaintiff's testimony that she does not know why the ice cream fell out of the freezer. Of course, this ignores Plaintiff's reliance on res ipsa loquitur, which permits an inference of negligence from the circumstances of the injury. Indeed, Defendants do not advance any argument about the applicability of res ipsa loquitur in this case. (*See id*.). And although Defendants filed an affidavit from the manager on duty at the time of Plaintiff's injury with its motion, they fail to advance any argument premised on the affidavit or even address it in the argument section of their supporting memorandum of law. (*See id*.). In short, Defendants' conclusory briefing is inadequate and fails to show they are entitled to judgment as a matter of law.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion (Doc. No. 21) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's response to Defendants' statement of undisputed material facts (Doc. No. 26) does not comply with the requirements of Local Rule 56.01(e). Counsel is instructed to review that local rule and comply with it in the future. The summary judgment briefing from both sides left much to be desired.